UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Billy Eugene Wall, Jr., | ) C/A No. 2:12-587-CWH-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Frederick D. Carter, | ) |
| Defendant. | ) |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff is incarcerated at the Colleton County Detention Center. In the Amended Complaint submitted in this case, Plaintiff seeks to recover damages from Defendant, a private citizen of Colleton County, South Carolina who allegedly reported to county law enforcement officers that Plaintiff stole his lawnmower. According to Plaintiff, a warrant was issued for his arrest, and he was arrested and charged with larceny as a result of Defendant's report, but he was ultimately acquitted on the charges when they were called for trial. (ECF No. 1, Compl. 3). Although Plaintiff remains incarcerated on other pending charges, he asks this court to award him compensatory and punitive damages from Defendant for "false arrest" and "mental anguish." He also asks that Defendant pay Plaintiff's attorneys' fees and costs. (ECF No. 10, Am. Compl. 1).

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

In order for this court to hear and decide a case, the court must, first, have

jurisdiction over the subject matter of the litigation.  This federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is so even when the parties "either overlook or elect not to press" the issue, *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011), or attempt to consent to a court's jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 398 (1975).  Our obligation to examine our subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009).

It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).  The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.   The allegations contained in the Amended Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading.

First, there is no basis for a finding of diversity jurisdiction over this Amended Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of

parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when he filed this case, Plaintiff and Defendant are both residents of South Carolina. Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Amended Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Amended Complaint does not state a claim against Defendant that is cognizable under this court's "federal question" jurisdiction. Plaintiff's Amended Complaint seeks damages against a private citizen, not a law enforcement officer or some other state or federal employee or official, for allegedly providing false information that led to Plaintiff's "false imprisonment" on larceny charges. Generally, such claims are matters of state law to be heard in the state courts, unless

diversity of citizenship is present.  *See, e.g., Zurcher v. Bilton*, 666 S.E. 2d 224, 227 (S.C. 2008) (false imprisonment against private citizen); *Ness v. Eckerd Corp.*, 566 S.E.2d 193, 195 (S.C. Ct. App. 2002)(same).  Plaintiff's allegations do not contain any reference to alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Amended Complaint.  However, even if Plaintiff had made assertions that his federal rights were violated by Defendant's crime report, this court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions.  When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case.  District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35  (E.D. N.C. 1992); *see  Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908);  *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.").

Additionally, purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983[2] or under the Fourteenth Amendment, the two most common provisions under which

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989).  The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).  Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment or any other federal constitutional or statutory authority as the basis for his claim, but even if he had done so, such citations would not establish "federal question" jurisdiction over this case because there are no additional allegations that Defendant engaged in any form of "state action" in connection with his citizen's crime report.  Such a lack of state action precludes any reliance on 42 U.S.C. § 1983 as a basis for the exercise of federal question jurisdiction in this case.

Under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see  *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).  To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937.  As noted previously, there are no allegations in Plaintiff's Amended Complaint which attribute any of Defendant's actions to state action; therefore, even if the Amended Complaint could be liberally construed to "imply" an allegation of constitutional rights violations by the private Defendant, such implied

interpretation would not establish "federal question" jurisdiction in this case. In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for Defendant.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Amended Complaint in this case *without prejudice. See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 13, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).