## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Billy Eugene Wall, Jr., | ) | Civil Action No.: 2:12-00587-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Frederick D. Carter, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Billy Eugene Wall, Jr., is a pretrial detainee housed at the Colleton County Detention Center. Proceeding pro se and in forma pauperis, Wall filed this action to recover damages from the defendant, who is a private citizen of Colleton County, South Carolina. The defendant allegedly reported to county law enforcement officers that Wall stole his lawnmower. Wall's amended complaint states that he seeks compensatory and punitive damages from the defendant for "false arrest" and "mental anguish."[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation. On April 13, 2012, the magistrate judge issued a report recommending that the complaint be dismissed without prejudice for lack of subject matter jurisdiction. (ECF No. 15). The magistrate judge specifically advised Wall of the procedures and requirements for filing objections to the report and the serious consequences if he failed to do so. He has filed no objections and the time for doing so has expired.

---

[1] Wall is detained with respect to pending charges that are unrelated to the lawnmower.



The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. In the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) ("in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted). Furthermore, failure to file specific written objections to the report and recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation by reference in this Order. The amended complaint is dismissed without prejudice.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

June 12, 2012
Charleston, South Carolina